UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

QINYUN MA,

                                    *Plaintiff*,

            – against –

YUN ZHOU, XIAOQIN SARAH YIN,
SARAH YIN MEDICAL PLLC, and
MICHAEL ZHOU,

                                    *Defendants*.

**MEMORANDUM & ORDER**
23-cv-04616 (NCM) (LB)

**NATASHA C. MERLE**, United States District Judge:

    *Pro se* plaintiff Qinyun Ma brings this action against, among others, Xiaoqin Sarah Yin ("Sarah Yin") and Sarah Yin Medical PLLC ("Yin Medical") (collectively, the "Yin Defendants") for a range of torts related to disputes over an apartment. Second Amended Complaint ("SAC"), ECF No. 33. The Yin Defendants bring this motion to dismiss plaintiff's complaint against them.[1] For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

    Plaintiff, a citizen of China with a pending asylum application in the United States, lives in an apartment in Flushing, New York. SAC ¶¶ 2, 6. Defendant Sarah Yin has owned plaintiff's apartment since 2021. SAC ¶¶ 6–7. Plaintiff alleges that defendant Sarah Yin "promised to never increase the rent from the $1,900 per month charged by the previous

---

[1]     The Court hereinafter refers to the Memorandum of Law in Support of Yin Defendants' Motion to Dismiss, ECF No. 36-7, as the "Motion"; Plaintiff's Affidavit in Opposition, ECF No. 39, as the "Opposition"; and the Reply Memorandum of Law in Support of Yin Defendants' Motion to Dismiss, ECF No. 43, as the "Reply."

landlord" until plaintiff left the apartment voluntarily. SAC ¶ 7. Plaintiff further alleges that Sarah Yin "offered [him] $3,000 to move out" and after his refusal, "spread her death threats to people that if Qingyun Ma doesn't move out, she would kill him, making a throat-slitting gesture with her hand." SAC ¶¶ 8–9.

Plaintiff alleges that he was threatened in June 2022 by another defendant, Yun Zhou, and "three people" that are not parties to this action.[2] Plaintiff further alleges that he was beaten by Yun Zhou later that month and that he was "injured all over . . . and nearly lost consciousness before the attackers casually left."[3] SAC ¶ 12. The police subsequently escorted plaintiff to the hospital. SAC ¶ 14. Upon release from the hospital, plaintiff received an after-visit summary request for follow-up treatment with Sarah Yin who, in addition to being his landlord, is also his primary care physician. SAC ¶ 14. Plaintiff alleges that the Yin Defendants refused him treatment. SAC ¶ 14.

---

[2] The Yin Defendants argue that the "three people" alleged to have entered the apartment and threaten plaintiff are required to be joined to this action under Federal Rule of Civil Procedure 19(a). *See* Mot. at 4–5. Rule 19(a) provides in relevant part that a party must be joined if its absence bars complete relief or "that person claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a). Here, it is unclear whether plaintiff knows the identity of these three individuals. However, he does not allege that they placed him in reasonable fear of imminent harm. *See infra* (discussing requirements for battery and assault). Further, the Yin Defendants have not argued that they are prejudiced by the absence of these individuals, nor explained why the Court cannot shape complete relief in their absence. Thus, defendants have not established that joinder of these three unknown individuals is feasible or necessary at this time.

[3] The Court notes that the complaint does not clarify whether other individuals allegedly beat plaintiff. Rather, plaintiff alleges that Yun Zhou beat him, but then also states that he "let *them* beat" him. Compl. ¶ 12 (emphasis added). If plaintiff is attempting to allege that multiple people beat him, he has failed to identify these individuals, including alleging whether they are distinct from the "three people" alleged to have threatened him earlier that month. *See* SAC ¶¶ 11–12. Indeed, plaintiff raises further confusion on the identity of any alleged attackers apart from defendant Yun Zhou by asserting that he feared that defendant Michael Zhou would shoot him.

Plaintiff also alleges that Sarah Yin "arranged for people to occupy all three rooms" of the apartment he rented, forcing plaintiff "to live in a corner of the living room, sometimes under a highway viaduct, or at a friend's place[;] essentially homeless." SAC ¶ 15.

In November 2022, Sarah Yin brought a holdover eviction action against plaintiff in Queens County Civil Court. *See generally Xiaoqin Sarah Yin v. Ma Qingyun et al.,* LT-317174-22/QU.[4]

Plaintiff brought this action in June 2023, and raises claims of battery, assault, intentional infliction of emotional distress, civil conspiracy, and "medical abandonment" against the Yin Defendants. SAC ¶¶ 16, 20.

## DISCUSSION

I.    <u>Subject Matter Jurisdiction</u>

Under Rule 12(b)(1), a case is properly dismissed "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).[5] "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

---

[4]    The Court takes judicial notice of the existence of the state court holdover eviction proceedings. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.").

[5]    Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

Diversity jurisdiction, which plaintiff alleges here, requires a lawsuit with a value greater than $75,000 and in which no defendant lives in the same state as the plaintiff. *See* 28 U.S.C. § 1332. At issue here, district courts do not have diversity juridiction over "an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332.

The Yin Defendants challenge the Court's jurisdiction, asserting that diversity of citizenship does not exist between the parties because both plaintiff and defendants are residents of New York State. Specifically, plaintiff has "admitted to being a New York resident for the past thirty plus years." Mot. at 7. However, "[n]either a lengthy residence in the United States nor asylum-seeking status constitute lawful permanent residence" necessary to defeat diversity jurisdiction between same-state domiciles when a party is a citizen of a foreign country. *Tounkara v. Republic of Senegal*, No. 21-cv-08027, 2023 WL 8592040, at *21 (S.D.N.Y. Dec. 7, 2023), report and recommendation adopted, No. 21-cv-08027, 2023 WL 8936350 (S.D.N.Y. Dec. 27, 2023); *see also Bao v. Wang,* No. 19-cv-08062, 2023 WL 2597149, at *6 (S.D.N.Y. Mar. 22, 2023) (finding diversity jurisdiction where "no evidence that Plaintiffs have received legal permanent resident status" since "status as asylum seekers" does not make them lawfully admitted for permanent residence under 28 U.S.C. § 1332(a)).

Here, plaintiff is a citizen of China with a pending asylum application. SAC ¶ 2. Although he has lived in New York since at least 2009, SAC ¶ 6, plaintiff's residence and asylum status do not render him "lawfully admitted for permanent residence" for diversity purposes. Thus, the Court's jurisdiction over this diversity action is proper.

II.    <u>Failure to State a Claim</u>

To avoid dismissal for failure to state a claim under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this rule does not apply "to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).

a.    *Claims Against Sarah Yin*

Plaintiff makes a host of allegations against Sarah Yin. However, as analyzed in turn below, plaintiff fails to state a claim for each of them.[6]

i.    Battery and Assault

Under New York law, "[c]ivil battery is an intentional wrongful physical contact with another person without consent." *Tardif v. City of New York*, 991 F.3d 394, 410 (2d

---

[6]    Although the Yin Defendants seek dismissal of a trespass claim, *see* Mot. at 9, the operative complaint does not raise a trespass claim. *See* SAC ¶ 20. The Court therefore does not address this argument.

Cir. 2021). "[C]ivil assault is an intentional placing of another person in fear of imminent harmful or offensive contact." *Id.*

Plaintiff makes no allegations asserting that Sarah Yin made physical contact with him, thus failing to state a claim for battery.

Plaintiff also fails to state a claim for assault. Plaintiff does not allege that Sarah Yin threatened him such that he feared imminent harmful or offensive contact. At most, reading plaintiff's complaint liberally, plaintiff alleges that Sarah Yin "began to spread her death threats to people" over the consequences of plaintiff not moving out, including a hand gesture. SAC ¶ 9. Even taken as true, these allegations are insufficient to state a claim for assault because plaintiff fails to allege that Sarah Yin's conduct made him apprehensive of harmful conduct. Moreover, the alleged conduct was not witnessed directly by plaintiff. Instead, defendant allegedly shared her "death threats" with third parties and plaintiff apparently learned about them. Thus, without more information as to the context of these alleged threats, any fear experienced by plaintiff would be too attenuated to support a claim for assault. *See, e.g.*, *Waterbury v. N.Y.C. Ballet, Inc.*, 168 N.Y.S.3d 417, 427 (2022) (affirming dismissal of assault claim where plaintiff failed to allege fear of harmful conduct, or that relevant contact was "reasonably imminent"); *Sutter v. Dibello*, No. 18-cv-00817, 2021 WL 930459, at *32 (E.D.N.Y. Mar. 10, 2021) (noting plaintiff failed to state a claim for assault because plaintiff's alleged apprehension "is simply too attenuated to be considered reasonable").

Furthermore, even if plaintiff had alleged that defendant had directly threatened him, "[a] threat alone cannot support a claim for assault." *Goonewardena v. Spinelli*, No. 15-cv-05239, 2021 WL 61876, at *12 (E.D.N.Y. Jan. 7, 2021). A threat, even a death threat, must be accompanied by circumstances that place a person in fear or reasonable

apprehension of imminent bodily injury. *See Bouveng v. NYG Cap. LLC*, No. 14-cv-05474, 2015 WL 3503947, at *10 (S.D.N.Y. June 2, 2015) (noting assault claims require a physical gesture indicating imminent harm, "such as movements of drawing back a fist, aiming a blow, or the show of a weapon," rather than gestures that are vague or indicate potential future harm); *see, e.g.*, *Farash v. Cont'l Airlines, Inc.,* 574 F. Supp. 2d 356, 368 (S.D.N.Y. 2008), *aff'd,* 337 F. App'x 7 (2d Cir. 2009) (finding plaintiff failed to state a New York assault claim by alleging that flight attendant spoke to an Air Marshal while gesturing towards plaintiff). Here, even if Sarah Yin had directed her statement and action directly to plaintiff, it would be inadequate. Plaintiff alleges that Sarah Yin threatened him while "making a throat-slitting gesture with her hand." SAC ¶ 9. At most, this remark and accompanying hand gesture would convey a potential for future, non-imminent harm and thus does not give a reasonable apprehension of imminent bodily injury as is required for an assault claim.

Therefore, plaintiff's battery and assault claims are dismissed.

ii.   Intentional Infliction of Emotional Distress

A claim for intentional infliction of emotional distress requires: (1) "extreme and outrageous conduct"; (2) "intent to cause, or disregard of a substantial probability of causing, severe emotional distress"; (3) "a causal connection between the conduct and injury"; and (4) "severe emotional distress." *Zheng v. Ctrs. Urgent Care Mgmt., LLC*, 214 N.Y.S.3d 24, 26 (2024). A pleading "must allege conduct that has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and

to be regarded as atrocious, and utterly intolerable in a civilized commnity." *Oluwo v. Mills*, 214 N.Y.S.3d 75, 77 (2024).

Here, plaintiff fails to allege that Sarah Yin engaged in any extreme and outrageous conduct. In fact, the only conduct that plaintiff alleges is that Sarah Yin offered him money to move out, made threats about plaintiff in conversations she had with others, refused to provide him with post-hospital follow-up treatment, and arranged renters for plaintiff's apartment. SAC ¶¶ 8–9, 14–15. Although the alleged conduct may not be agreeable, the Court does not find the allegations to be extreme and outrageous.

Even if the Court were to view the conduct as plausibly extreme and outrageous, plaintiff provides no allegations in the complaint that Sarah Yin intended to cause or disregarded a substantial probability of causing emotional distress. In fact, plaintiff never describes experiencing any severe emotional distress in his complaint, aside from conclusory recitation of the prong. *See generally* SAC.

Plaintiff argues in opposition that Sarah Yin demonstrated at least a disregard for the cause of emotional distress by orchestrating the attack against him. Opp'n ¶ 18. Although the Court may consider allegations raised in opposition briefs of *pro se* litigants, *see Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013), the Court need not assume that mere conclusory statements are true. *Iqbal*, 556 U.S. at 678. Plaintiff concludes, without further support, that Sarah Yin caused emotional distress with the alleged organized scheme. Notably, plaintiff fails to allege how Sarah Yin had a disregard of a substantial probability of causing severe emotional distress, a causal connection between her conduct and plaintiff's alleged injury, and that plaintiff experienced severe emotional distress. The

Court thus finds that plaintiff fails to state a claim for intentional infliction of emotional distress.

      iii.  Civil Conspiracy

Although New York does not recognize an independent cause of action for civil conspiracy, "a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme." *B&H Flooring, LLC v. Folger*, 215 N.Y.S.3d 115, 119 (2024). A plaintiff must demonstrate the underlying tort and four additional elements: "(1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *Bangl. Bank v. Rizal Com. Banking Corp.*, 208 N.Y.S.3d 2, 19 (2024).

As noted above, plaintiff fails to state a claim for any of the underlying torts against Sarah Yin. However, even assuming plaintiff could state a claim for any of the underlying torts, specifically against defendants not contemplated by the instant Motion, plaintiff still fails to successfully plead a claim against Sarah Yin for civil conspiracy. Specifically, plaintiff does not plausibly allege an agreement between Sarah Yin and any other defendant. Plaintiff asserts that Sarah Yin "orchestrated the attack" against plaintiff "by providing keys and paying Yun Zhou, who then physically attacked" him. Opp'n ¶ 18. However, even assuming Sarah Yin did provide Yun Zhou with keys to plaintiff's apartment, that does not plausibly state a claim. This is especially true without further indication of an agreement to harm plaintiff given that Sarah Yin is a landlord and it is not inherently unreasonable for defendant to provide others with a key to an apartment

she owns. Without alleging an agreement, a civil conspiracy charge cannot stand and therefore must be dismissed.

### iv.   Medical Malpractice Claim

Lastly, plaintiff asserts a claim for "medical abandonment" that the Court construes as a claim for medical malpractice. Under New York law, "[t]he essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury." *Fairchild v. Lerner*, 214 N.Y.S.3d 757, 760 (2024).

Here, plaintiff alleges that Sarah Yin refused to treat him after he went to the hospital for injuries sustained in an altercation over the apartment Sarah Yin owned and plaintiff rented. SAC ¶¶ 7, 14. Plaintiff fails to make any further allegations, notably that Sarah Yin's conduct was a departure from accepted medical practice or that such departure caused him harm.

Moreover, plaintiff does not allege that he was unable to receive medical attention or suffered any ill-effects from Sarah Yin's refusal to treat him. Since plaintiff has failed to plead that he suffered any harm from Sarah Yin's refusal to treat him, let alone any deviation and proximate cause of injury, plaintiff has failed to state a claim against Sarah Yin for medical malpractice.

### b.  Claims against Yin Medical

Plaintiff also seeks to bring claims of battery, assault, intentional infliction of emotional distress, civil conspiracy, and "medical abandonment" against Yin Medical. SAC ¶ 20. However, plaintiff makes only a single factual allegation against Yin Medical in the complaint: that Yin Medical refused to provide care after plaintiff's June 2022 hospital stay. SAC ¶ 14. This allegation appears to address plaintiff's claim for medical malpractice.

As noted above, medical malpractice claims must plausibly state a deviation from accepted medical practice and evidence that the departure caused plaintiff's injury. *Fairchild*, 214 N.Y.S.3d at 760. Here, plaintiff does not assert that Yin Medical had a duty to treat him, deviated from accepted medical practice, or how any alleged refusal caused him harm.

Moreover, plaintiff fails to make any allegations connecting Yin Medical with his claims of battery, assault, intentional infliction of emotional distress, or civil conspiracy. Even if plaintiff seeks to hold Yin Medical accountable for the tortious conduct he alleges against Sarah Yin, this too would fail. "[A]n employer is not liable for torts committed by the employee for personal motives unrelated to the furtherance of the employer's business." *Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 74 (2d Cir. 2023). Therefore, even if Sarah Yin engaged in tortious conduct against plaintiff, Yin Medical would not be responsible because the alleged conduct is related to a personal landlord-tenant relationship rather than any professional doctor-patient dynamic. *See generally* SAC. The claims against Yin Medical are thus dismissed.

## CONCLUSION

For the reasons stated above, the claims against the Yin Defendants are **DISMISSED** in their entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court considers but declines to grant leave to amend *sua sponte* since plaintiff has already received numerous opportunities to amend his complaint and yet retains the aforementioned deficiencies. *Cf. Nano Dimension Ltd. v. Murchinson Ltd.*,

102 F.4th 136, 143 n.8 (2d Cir. 2024). The Clerk of Court is respectfully directed to dismiss defendants Xiaoqin Sarah Yin and Sarah Yin Medical PLLC from this action.

**SO ORDERED.**

_____/s/ Natasha C. Merle_____
NATASHA C. MERLE
United States District Judge

Dated:      October 23, 2024
            Brooklyn, New York