UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

QINGYUN MA,

                *Plaintiff*,

– against –

YUN ZHOU, XIAOQIN SARAH YIN,
SARAH YIN MEDICAL PLLC, and
MICHAEL ZHOU,

                *Defendants*.

**MEMORANDUM & ORDER**
23-cv-04616 (NCM) (LB)

---

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Qinyun Ma brings this action against, among others, defendants Yun Zhou and Michael Zhou (collectively, the "Zhou Defendants") for allegations relating to a housing dispute. The Zhou Defendants brought a counterclaim of defamation, Countercl., ECF No. 34, which plaintiff now seeks to dismiss for failure to state a claim. ECF No. 35 ("Motion"). For the reasons stated below, the Motion is **GRANTED**, and the Zhou Defendants are given leave to amend their counterclaim within thirty (30) days of this Order.

## BACKGROUND

The Zhou Defendants allege that plaintiff "has been falsely spreading allegations to members of Defendants' community" that the Zhou Defendants "attacked him and stole from him."[1] Countercl. ¶ 17. The Zhou Defendants also allege that plaintiff "has been

---

[1] The counterclaim appears to include a typographical error alleging that plaintiff made defamatory statements about his own conduct. Countercl. ¶ 17. Based on the surrounding text, the Court construes the counterclaim as alleging that plaintiff made defamatory statements about the Zhou Defendants.

1

spreading false rumors" against the Zhou Defendants' character that plaintiff knows are false. Countercl. ¶ 17. The Zhou Defendants seek monetary damages for the "substantial embarrassment, economic[,] and social harm" plaintiff allegedly caused. Countercl. ¶¶ 17–18.

## STANDARD OF REVIEW

To avoid dismissal for failure to state a claim under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this rule does not apply "to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "On a motion to dismiss, a district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Linares v. McLaughlin*, 423 F. App'x 84, 85 (2d Cir. 2011).

## DISCUSSION

The essential elements of a defamation cause of action pursuant to New York law are: "(a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d)

---

[2] Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

either causing special harm or constituting defamation per se." *Oluwo v. Mills*, 214 N.Y.S.3d 75, 76 (2024). New York law requires specificity when alleging defamation, including that "the particular words complained of shall be set forth in the complaint," N.Y. C.P.L.R § 3016(a), and the time, place, manner, and recipient of the false statement. *Epifani v. Johnson*, 882 N.Y.S.2d 234, 242 (2009). "[O]nly statements alleging facts can properly be the subject of a defamation action" since the statements must be capable of being proven false. *N. Shore Towers Apartments Incorp. v. Kozminsky*, 193 N.Y.S.3d 310, 312 (2023).

A complaint for defamation under New York law is properly dismissed where the complaint does not meet the aforementioned requirements. *See, e.g.*, *Nofal v. Yousef*, 214 N.Y.S.3d 398, 400–01 (2024) (affirming dismissal of defamation complaint where requirements not met). Furthermore, a civil action cannot be maintained "for the publication of a fair and true report of any judicial proceeding," N.Y. Civ. Rights Law § 74, including statements that "essentially summarize or restate the allegations of a pleading filed in an action," *Greenberg v. Spitzer*, 62 N.Y.S.3d 372, 385 (2017).

Here, the Zhou Defendants fail to provide the specificity necessary to support their claim for defamation. Their allegations that plaintiff has been "spreading false rumors" and "falsely spreading allegations" are conclusory. *See* Countercl. ¶ 17. These allegations provide no information as to the "time when, place where, and manner in which the false statement was made." *Epifani*, 882 N.Y.S.2d at 242. Further, though the Zhou Defendants state that the defamatory statements were made to the "community," this is inadequate to establish publication as required at the pleading stage because the Zhou Defendants provide no facts specifying who makes up the community or even which community they reference. *See* Countercl. ¶ 17.

Furthermore, the Zhou Defendants' conclusory allegations of "rumors" falsely spread by plaintiff do not satisfy the pleading requirement that "the particular words complained of shall be set forth in the complaint." N.Y. C.P.L.R § 3016(a). Without more information as to the actual statements at issue, the Court is unable to reasonably infer that plaintiff could be liable for defamation. Indeed, it is unclear whether the allegedly defamatory statements included false factual statements, or merely a summary or restatement of plaintiff's pleadings in this action. For example, a statement that the Zhou Defendants assaulted plaintiff could be consistent with the underlying claims. *See* Sec. Amend. Compl. ¶ 12, ECF No. 33. As noted above, this distinction is important, for a claim for defamation cannot succeed if it is a "fair and true report" of a judicial proceeding. *See* N.Y. Civ. Rights Law § 74. Given that plaintiff has filed a complaint against the Zhou Defendants, it is possible that any statements that plaintiff has made concerning defendants is simply about the civil action against them.

By failing to provide the specifics noted above, the Zhou Defendants fail to meet the pleading requirements for defamation in New York. The counterclaim is thus dismissed.

Despite the Zhou Defendants failure to satisfy the pleading requirements, the Court in its discretion finds that amendment of their counterclaim would not be futile. *See* Fed. R. Civ. P. 15(a); *see, e.g.*, *McCollum v. Baldwin,* 688 F. Supp. 3d 117, 134 (S.D.N.Y. 2023) (granting leave to amend defamation claims where pleading had deficiencies and it was "not yet apparent that another opportunity to amend would be futile"); *Ortiz v. Ardolino*, No. 19-cv-00069, 2021 WL 2075714, at *4 (E.D.N.Y. May 21, 2021) (granting leave to amend defamation claim to replead "with specificity"). Thus, the Court grants defendants leave to amend.

## CONCLUSION

For the reasons stated above, plaintiff's motion to dismiss the Zhou Defendants' defamation counterclaim is **GRANTED**, and the Zhou Defendants are granted leave to amend their counterclaim within thirty (30) days of the date of this Order.

**SO ORDERED.**

　　/s/ Natasha C. Merle　　
NATASHA C. MERLE
United States District Judge

Dated:    October 23, 2024
　　　　  Brooklyn, New York