UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

QINYUN MA,

                      *Plaintiff*,

    – against –

YUN ZHOU, XIAOQIN SARAH YIN,
SARAH YIN MEDICAL PLLC, and
MICHAEL ZHOU,

                      *Defendants*.

**MEMORANDUM & ORDER**
23-cv-04616 (NCM) (LB)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* plaintiff Qinyun Ma moves for reconsideration of the Court's order granting dismissal of plaintiff's claims against Xiaoqin Sarah Yin ("Sarah Yin") and Sarah Yin Medical PLLC ("Yin Medical") (collectively, the "Yin Defendants").[1] For the reasons stated below, plaintiff's motion is **DENIED**.

### BACKGROUND

Plaintiff brought this action in June 2023 related to disputes over an apartment, raising claims of battery, assault, intentional infliction of emotional distress, civil conspiracy, and "medical abandonment" against the Yin Defendants. Second Amended Complaint ("SAC") ¶¶ 16, 20, ECF No. 33. The Court assumes familiarity with the underlying facts of plaintiff's claims. *See* Memorandum & Order ("Order"), ECF No. 45.

---

[1] The Court hereinafter refers to the Memorandum of Law in Support of Plaintiff's Motion for Reconsideration, ECF No. 49, as the "Motion"; the Yin Defendant's Memorandum in Opposition, ECF No. 50, as the "Opposition"; and the Reply Memorandum of Law in Support of Plaintiff's Motion for Reconsideration, ECF No. 51, as the "Reply."

1

On October 23, 2024, this Court granted the Yin Defendants' motions to dismiss for failure to state a claim. *See generally* Order.

## STANDARD OF REVIEW

Reconsideration of a final judgment "is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). Reconsideration will generally be denied unless the moving party can point to: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The purpose of a motion for reconsideration is not to repeat arguments previously rejected by the Court, nor to make new arguments that could have been previously raised. *Brown v. City of New York*, 622 F. App'x 19, 19–20 (2d Cir. 2015) (quoting *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

Although the briefings of a *pro se* plaintiff are liberally construed to raise the strongest arguments they suggest, *Irvin v. Harris*, 944 F.3d 63, 68 (2d Cir. 2019), a *pro se* litigant must still demonstrate that reconsideration is warranted. *See Rowe v. Cenlar FSB*, No. 19-cv-07278, 2022 WL 3682302, at *3 (E.D.N.Y. Aug. 25, 2022), *aff'd*, No. 22-1870, 2023 WL 6873092 (2d Cir. Oct. 18, 2023).

## DISCUSSION

Plaintiff's motion, liberally construed to raise its strongest arguments, rests on two grounds: mistake and newly discovered evidence.[2] *See* Fed. R. Civ. P. 60(b). The Court analyzes each ground in turn.

I.   <u>Mistake Under 60(b)(1)</u>

A motion for reconsideration may be granted for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief under this provision may be afforded "based on a 'district court's mistake in law.'" *Sec. & Exch. Comm'n v. Curran*, No. 12-CV-2937 RPK-SIL, 2024 WL 3431953, at *2 (E.D.N.Y. July 15, 2024) (quoting *Leonard v. Lowe's Home Ctrs.*, 83 F. App'x. 402, 403 (2d Cir. 2003)). Though plaintiff's motion does not make clear under which provision he seeks relief, the Court presumes it to be under Rule 60(b)(1) because he argues that "dismissal was improper" because his complaint's "detailed allegations of coordinated wrongdoing readily satisfy federal pleading standards." Mot. ¶¶ 1–2. In particular, plaintiff argues that, when evaluating his claims, the Court "improperly segmented individual actions [of the defendants] rather than viewing them as an integrated pattern of misconduct." Mot. ¶ 19. Additionally, plaintiff argues that the Court should have *sua sponte* granted plaintiff leave to file a third amended complaint, and that the failure to do so provides a basis for reconsideration "to prevent manifest injustice." Mot. ¶ 31.

---

[2]   Although plaintiff does not address the claims dismissed against Yin Medical in the Motion, the Court liberally construes the Motion as also seeking reconsideration for mistake as to those claims.

3

*Reconsideration of the Court's order of dismissal is not warranted.*

Contrary to plaintiff's argument, the Court analyzed each of plaintiff's claims in full and liberally construed his materials to raise the strongest arguments they suggested. Notwithstanding this solicitude, the Court found that plaintiff failed to state plausible claims even when the full scope of the Yin Defendants' alleged conduct was considered. *See* Order 5, 8. This included recognizing Sarah Yin's dual role of landlord and physician. *See id.* at 2, 10. More specifically, the Court considered the allegations that "Sarah Yin offered [plaintiff] money to move out, made threats about plaintiff in conversations she had with others, refused to provide him with post-hospital follow-up treatment, and arranged renters for plaintiff's apartment." *Id.* at 8.

Despite viewing the totality of plaintiff's allegations, and assuming all of his factual allegations to be true, the Court found that plaintiff's allegations failed to support a claim of intentional infliction of emotional distress. In particular, the Court found that Sarah Yin's alleged conduct outlined in the complaint did not meet the "strict, rigorous and difficult to satisfy" standard for outragous conduct that would give rise to a claim for intentional infliction of emotional distress. *Bailey v. New York L. Sch.*, No. 19-3473, 2021 WL 5500078, at *5 (2d Cir. Nov. 24, 2021) (quoting *Rich v. Fox News Network, LLC*, 939 F.3d 112, 122–23 (2d Cir. 2019)). However, in consideration of the solicitude afforded to *pro se* plaintiffs, the Court continued its inquiry beyond plaintiff's complaint, and reviewed the arguments raised in his opposition brief to defendants' motion to dismiss. Order 8. The Court found, after considering all of the factual allegations and arguments contained in his complaint and opposition brief, that plaintiff "fail[ed] to allege how Sarah Yin had a disregard of a substantial probability of causing severe emotional distress, a causal connection between her conduct and plaintiff's alleged injury, and that plaintiff

4

experienced severe emotional distress." *Id.* Therefore, plaintiff's contention that the Court failed to consider the totality of defendants' alleged conduct is unfounded.

Next, the Court found that plaintiff failed to state a claim for conspiracy because he did not plausibly allege that an agreement occurred. *Id.* at 9–10. The Court recognized plaintiff's allegations that "Sarah Yin 'orchestrated the attack' against plaintiff 'by providing keys and paying Yun Zhou, who then physically attacked' him." *Id.* at 9. The Court found that these allegations did not "plausibly allege an agreement between Sarah Yin and any other defendant." *Id.* Even assuming the truth of plaintiff's allegations that Sarah Yin provided money and a key for plaintiff's apartment to Yun Zhou, absent any other indication of an agremeent to harm plaintiff, the Court found that these allegations were insufficient to state a claim for civil conspiracy. *Id.* The Court also noted that conspiracy is not an independent action under New York law. *Id.*

The Court then considered plaintiff's claim for "medical abandonment," which was construed by the Court as a claim for medical malpractice under New York law. *Id.* at 10. The Court found that plaintiff's medical malpractice claim was not supported because plaintiff failed to show that Sarah Yin's alleged refusal to provide post-hospital follow-up treatment would be a deviation from accepted medical practice. *Id.* The Court further found that plaintiff's failure to allege any harm stemming from Sarah Yin's refusal to treat him, including "any ill-effects," was fatal to his claim. *See Id.*

Lastly, the Court dismissed claims against Yin Medical. *Id.* at 10–11. The Court noted that the only factual allegation made against Yin Medical was a refusal to treat plaintiff. *Id.* at 10 (*citing* SAC ¶¶ 7, 14). Plaintiff made no further allegations, for example, "that Yin Medical had a duty to treat him, deviated from accepted medical practice, or [that] any alleged refusal caused him harm." *Id.* at 11. Furthermore, the Court found that

5

plaintiff failed to make any allegations that supported Yin Medical's involvement in the remaining claims, for "even if Sarah Yin engaged in tortious conduct against plaintiff, Yin Medical would not be responsible because the alleged conduct is related to a personal landlord-tenant relationship rather than any professional doctor-patient dynamic." *Id.* at 11. These findings thus indicate a liberal analysis of the full range of allegations levied against Yin Medical.

Contrary to plaintiff's claim that he alleged "specific, coordinated conduct involving systematic abuse," *see* Mot. ¶ 1, the Court found plaintiff's pleadings insufficient to state a claim against the Yin Defendants when reviewing the entirety of the allegations made before it, Order 11. Because the Court properly evaluated and rejected plaintiff's assertion that the Yin Defendants plausibly engaged in the alleged conduct, reconsideration pursuant to Rule 60(b)(1) is unwarranted on this basis.

> *Reconsideration of the Court's decision declining to grant* sua sponte *leave to amend is not warranted.*

Plaintiff is correct that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). However, in the instant case, plaintiff was granted leave to amend his complaint on two occasions, and under circumstances that put him on notice of the deficiencies that eventually led to the dismissal of his second amended complaint. Plaintiff first amended his complaint after the Yin Defendants previewed their arguments for dismissal in a pre-motion conference request. *See* ECF No. 8. The Court held an initial conference, which resulted in an order that allowed plaintiff the opportunity to amend his complaint before allowing defendants to move for dismissal. *See* September 12, 2023

6

Order 1 ("September Order"), ECF No. 12. At the conference, which lasted almost two hours, the Court spoke with plaintiff through a court-provided interpreter, and noted deficiencies in the complaint to be addressed upon amendment, including that it appeared Yin Medical "should not have been named" and the lack of plausible conspiracy involving Sarah Yin. *See* Initial Conf. Tr. 24:15–16, 20–23. Additionally, the Court provided plaintiff with a printed list of organizations for plaintiff to contact for legal assistance, as well as a hotline number that would allow plaintiff to receive assistance in his native language of Mandarin. *Id.* at 21:20–25. The subsequent September Order also informed plaintiff that an amended complaint replaces the original complaint and therefore must include all allegations and claims that plaintiff seeks to litigate. *See* September Order 1 n.3.

Plaintiff's second amendment occurred after leave was granted to add a defendant and address a counterclaim. February 22, 2024 Order ("February Order"), ECF No. 27. The Court noted that leave was warranted because the standard is "liberal" and "permissive." February Order 2. However, the Court in that order also recognized that plaintiff's SAC asserted a medical abandonment claim against Yin Medical even though plaintiff had "asserted through an interpreter at the initial conference that he did not know why Sarah Yin Medical PLLC was named" in the action. *Id.* at 1 n.1. Plaintiff was also warned that "[n]o further amendment of plaintiff's complaint shall be allowed without a strong showing of good cause," for "a federal complaint is not a moving target that plaintiff will be allowed to repeatedly amend." *Id.* at 2.

Despite the Court's warnings of the deficiencies and plaintiff's previous opportunities to replead, the operative complaint provides fewer factual allegations than the original complaint, including those regarding an alleged conspiracy and medical

7

abandonment against Yin Medical. *Compare generally* Compl., ECF No. 1, *with* SAC. Plaintiff has been given the opportunity to amend his complaint on two occasions, in response both to deficiencies noted by the Court and arguments made by defendants. While a district court generally allows *pro se* plaintiffs to amend their pleadings, "an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend." *McFadden v. Lombardo*, No. 9:19-CV-0803-GTS-TWD, 2019 WL 4736217, at *6 (N.D.N.Y. Sept. 27, 2019) (dismissing without leave to amend *pro se* plaintiff's first amended complaint). In particular, in circumstances "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Ultimately, the Court's exercise of discretion in declining to allow plaintiff to amend his complaint for a third time does not warrant reconsideration pursuant to Rule 60(b)(1).

II.    New Evidence Under 60(b)(2)

A motion for reconsideration may also be granted for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). In order to succeed based on a claim of newly discovery evidence, the movant must show that: (1) the newly discovered evidence involved facts that existed at the time of the dispositive proceeding, (2) the movant was justifiably ignorant of the facts despite due diligence, (3) the evidence is admissible and of such importance that it probably would have changed the outcome, and (4) the evidence is not merely cumulative or impeaching. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001). Here, contrary to plaintiff's argument, the photograph he attaches to his motion for reconsideration is not "new evidence" that justifies reconsideration.

Plaintiff fails to provide any facts to support his assertion that the photograph is new evidence. For example, plaintiff does not assert, other than his conclusory statement, that the evidence was newly discovered. To the contrary, plaintiff captions the undated photograph by noting it is a "photograph taken by Plaintiff inside his apartment." Mot. Ex. A. Even if the Court were to assume that the picture is contemporaneous with the facts alleged in the complaint, plaintiff has not argued his ignorance of the image that *he* captured himself. Nor can he allege that he was "justifiably ignorant" of the existence of his own photograph. Plaintiff also does not allege that the photograph is so important that it would probably have changed the outcome of the Order.

The photograph is thus not "newly discovered evidence" such that it warrants reconsideration pursuant to Rule 60(b)(2).

### III. Leave To Amend

In his Motion, plaintiff requests that the Court grant him "leave to amend the complaint to incorporate the new photographic evidence and additional factual allegations." Mot. ¶ 32. However, "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Fed. R. Civ. P. 59(e) or 60(b)]." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Since

9

the Court has denied plaintiff's request to set the judgment aside, plaintiff's request for leave to file an amended complaint is likewise denied.

## CONCLUSION

For the reasons stated above, plaintiff's motion for reconsideration and leave to file an amended complaint in the alternative is **DENIED**.

**SO ORDERED.**

                                           */s/ Natasha C. Merle*
                                           NATASHA C. MERLE
                                           United States District Judge

Dated:       December 23, 2024
                Brooklyn, New York