UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

QINGYUN MA,

                *Plaintiff*,

– against –

YUN ZHOU, XIAOQIN SARAH YIN, SARAH YIN MEDICAL PLLC, and MICHAEL ZHOU,

                *Defendants*.

**MEMORANDUM & ORDER**
23-cv-04616 (NCM) (LB)

---

**NATASHA C. MERLE**, United States District Judge:

    *Pro se* plaintiff Qingyun Ma moves for an order, pursuant to 28 U.S.C. § 1292(b), certifying for interlocutory appeal to the Second Circuit Court of Appeals this Court's December 23, 2024 Memorandum & Order ("Order on Reconsideration," ECF No. 52) denying reconsideration of the Court's October 23, 2024 Memorandum & Order dismissing plaintiff's claims against Xiaoqin Sarah Yin ("Sarah Yin") and Sarah Yin Medical PLLC ("Yin Medical") ("Dismissal Order," ECF No. 45). *See* Certification Request ("Cert. Req."), ECF No. 54. Plaintiff also requests this Court hold the request for certification for interlocutory appeal in abeyance pending the close of discovery in this case. For the reasons stated below, plaintiff's motion is DENIED.

## BACKGROUND

    Plaintiff brought this action in June 2023 against Sarah Yin and Yin Medical, as well as Yun Zhou and Michael Zhou (the "Zhou Defendants"). *See* Second Amended Complaint ("SAC"). For the purposes of this Order, the Court assumes familiarity with the

1

underlying facts of plaintiff's claims. *See* Dismissal Order; Order on Reconsideration.[1]

On October 23, 2024, the Court granted Sarah Yin and Yin Medical's motion to dismiss plaintiff's complaint for failure to state a claim. *See* Dismissal Order. Plaintiff then moved for reconsideration of the Court's Dismissal Order, or in the alternative, for leave to file an amended complaint, *see* Motion for Reconsideration, ECF No. 47, which the Court denied, *see* Order on Reconsideration. Plaintiff now moves to certify the Order on Reconsideration for interlocutory appeal to the Second Circuit Court of Appeals.[2] Specifically, plaintiff seeks the certification of the following questions as to defendant Sarah Yin for interlocutory appellate review:

- Whether the Court rejected circumstantial evidence supporting plaintiff's conspiracy claims and thus misapplied the pleading standards;

- Whether the Court improperly assessed the allegations against Sarah Yin in isolation rather than in the aggregate;

- Whether the Court overlooked the relevance of alleged photographic evidence contrary to Federal Rule of Civil Procedure 60(b)(2);

- Whether the Court improperly denied *pro se* plaintiff a third opportunity to amend his complaint; and

- Whether the Court improperly made factual inferences against plaintiff at the motion to dismiss stage.

*See* Cert. Req. 1.

Plaintiff also asks that this request for certification be held in abeyance. Cert. Req. 2. Plaintiff states that if further discovery supports reinstating Sarah Yin as a

---

[1]   Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2]   The certification request also contains a request for a 90-day discovery extension, which was resolved by Magistrate Judge Lois Bloom on April 11, 2025. *See* ECF Nos. 54–57.

2

defendant, plaintiff plans to move to amend his complaint, and the certification request may be denied as moot. Cert. Req. 2

For the reasons stated below, plaintiff's requests for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to hold the certification request in abeyance are DENIED.

## LEGAL STANDARD

The Court may certify an order for interlocutory appeal where the order involves "(1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from which may materially advance the ultimate termination of the litigation." *Xue v. Koenig*, No. 19-cv-07630, 2025 WL 897046, at *2 (S.D.N.Y. Mar. 24, 2025) (citing 28 U.S.C. § 1292(b)). [3]

To satisfy the first prong, "the question of law" must "refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007), *aff'd*, 543 F.3d 104 (2d Cir. 2008). To be a "controlling" question of law, the reversal of the district court's order must either "terminate the action" or resolution of the issue should "materially affect the litigation's outcome." *B & R Supermarket, Inc. v. Visa Inc.*, No. 17-cv-02738, 2025 WL 845109, at *3 (E.D.N.Y. Mar. 18, 2025). For the second prong, "[s]ubstantial ground for difference of opinion on an issue exists when (i) there is conflicting authority on the issue, or (ii) the issue is particularly difficult and of first impression for the Second Circuit." *Sec. & Exch. Comm'n v. Coinbase, Inc.*, No. 23-cv-04738, 2025 WL 40782, at *9 (S.D.N.Y. Jan. 7, 2025). For the third prong, an issue will materially advance the ultimate termination of a litigation

---

[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

when it "promises to advance the time for trial or to shorten the time required for trial." *Id.* at *12.

The party moving for certification has the burden of establishing all three criteria. *Xue*, 2025 WL 897046 at *2. Should plaintiff fail to meet one of the three criteria, the "court may not certify the appeal." *Id.* at *3. Nevertheless, the ultimate decision whether to certify an interlocutory appeal lies within the discretion of this Court, and the Court may decline to certify a question for interlocutory appeal even when all three criteria are met. *See United States v. Am. Soc'y of Composers, Authors & Publishers*, 333 F. Supp. 2d 215, 221 (S.D.N.Y. 2004). Interlocutory appeals are strongly disfavored in federal practice. *In re Facebook, Inc.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014). Thus, certification should be "rare," *see Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996), and "limited to extraordinary cases where appellate review might avoid protracted and expensive litigation." *Mills v. Everest Reins., Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009).

## DISCUSSION

At the outset, the Court declines plaintiff's request to hold his certification request in abeyance pending the completion of discovery. Plaintiff seeks to certify legal arguments as to the sufficiency of plaintiff's claims against Sarah Yin. Thus, the completion of discovery or any motion to amend plaintiff's complaint will have no impact on the Court's determination as to the appropriateness of an interlocutory appeal of the questions presented.

As to the substance of plaintiff's request, the Court rejects plaintiff's Certification Request because plaintiff fails to demonstrate that the Order on Reconsideration involves a controlling question of law and substantial grounds for difference of opinion, or that

4

immediate appeal "may materially advance the litigation by clarifying the scope of the conspiracy claim." Cert. Req. 1.

Plaintiff's grounds for appeal concern the dismissal of plaintiff's claims for conspiracy and intentional infliction of emotional distress ("IIED") against Sarah Yin.[4] The Court found that plaintiff's conspiracy claim warranted dismissal because his factual allegations failed to allege an agreement between Sarah Yin and any other defendant. Dismissal Order 9–10. In dismissing the IIED claim, the Court considered all factual allegations made against Sarah Yin and found that they did not plausibly constitute extreme and outrageous conduct, as required to state an IIED claim. Dismissal Order 8. Having found that plaintiff failed to state a claim against Sarah Yin and Yin Medical, the Court declined to *sua sponte* grant plaintiff leave to file a third amended complaint. Dismissal Order 11–12.

Plaintiff moved for reconsideration of the Dismissal Order, reiterating the same arguments made in opposition to Sarah Yin and Yin Medical's motion to dismiss. However, he also presented what he claimed was "newly discovered evidence" warranting reconsideration under Federal Rule of Civil Procedure 60(b)(2). Rule 60(b) requires a movant seeking reconsideration because of "newly discovered evidence" to show that: (1) the newly discovered evidence involved facts that existed at the time of the dispositive proceeding; (2) the movant was justifiably ignorant of the facts despite due diligence; (3) the evidence is admissible and of such importance that it probably would have changed the outcome; and (4) the evidence is not cumulative or impeaching. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001). Plaintiff's allegedly "newly

---

[4] The same dismissal order dismissed claims against Sarah Yin for battery, assault, and medical malpractice, *see* Dismissal Order 5–10, and all claims against Yin Medical, *see* Dismissal Order 10–11. Plaintiff's Certification Request does not raise issues pertaining to the dismissal of these claims.

5

discovered evidence" was an undated photograph that he took of defendants from inside his apartment. Mot. for Reconsideration Ex. A. The Court found that this photograph did not constitute "new evidence" warranting reconsideration because he failed to show that the photograph met any of the requirements of Rule 60(b)(2). Order on Reconsideration 8–9.

As described *supra*, plaintiff's motion for certification lists five bases for appeal of the Court's Order on Reconsideration. Cert. Req. 1. Plaintiff's first, third, and fifth bases for appeal appear to be challenges to the Court's dismissal of plaintiff's conspiracy claim. Plaintiff's second basis for appeal can be considered a challenge to the dismissal of plaintiff's IIED claim. Plaintiff's fourth basis—that the Court should have granted plaintiff leave to amend his complaint again—can be considered as its own argument. None of these bases demonstrate a controlling question of law or that a substantial ground for difference of opinion exists. Plaintiff has also failed to show that interlocutory appeal would materially advance the termination of the litigation.

## I. Controlling question of law

Plaintiff's argument that the Court improperly dismissed the conspiracy and IIED claims against Sarah Yin, Cert. Req. 1, do not present controlling "question[s] of law" appropriate for certification to the Second Circuit.

As noted above, a question of law must "refer to a pure question of law" that could be resolved quickly and cleanly without having to review the record. *Kusnier v. Virgin Galactic Holdings, Inc.*, No. 21-cv-03070, 2023 WL 8750398, at *7 (E.D.N.Y. Dec. 19, 2023). To be "controlling," reversal of the district court's order must either "terminate the action," or resolution of the issue should "materially affect the litigation's outcome." *B & R Supermarket, Inc.*, 2025 WL 845109, at *3. Additionally, a court may consider whether the "certified issue" would have "precedential value for a large number of cases," although

6

"precedential value alone is not sufficient to meet the controlling issue of law standard." *Kusnier*, 2023 WL 8750398, at *7.

Here, plaintiff's arguments do not present a question of law. Plaintiff's Certification Request does not articulate questions to be answered by the Second Circuit Court of Appeals—instead, plaintiff presents arguments that highlight his disagreement with the Court's application of the law to the relevant facts, not a disagreement as to what the law is. This is not the type of question of law that may have precedential value or terminate this action. As plaintiff's request for certification does not present controlling questions of law, plaintiff has failed to meet the first criteria for certification of an interlocutory appeal pursuant to § 1292(b).

**II.    Substantial ground for difference of opinion**

As noted *supra*, "[s]ubstantial ground for difference of opinion on an issue exists when (i) there is conflicting authority on the issue, or (ii) the issue is particularly difficult and of first impression for the Second Circuit." *Coinbase*, 2025 WL 40782, at *9. Plaintiff contends that the Court misapplied the law on various issues and should have granted him leave to amend his complaint. Plaintiff does not present conflicting authority on the issues he seeks to certify, and he does not argue that the issues are either particularly difficult or of first impression for the Second Circuit. Having failed to show a substantial ground for difference of opinion, certification for interlocutory appeal pursuant to § 1292(b) is not warranted.

A. *Plaintiff's conspiracy claim*

Contrary to plaintiff's argument, the Court did not dismiss his conspiracy claim for lack of direct evidence in contravention of the Second Circuit authority delineated in *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162 (2d Cir. 2012). Plaintiff is correct that conspiracy claims may be supported by allegations of circumstantial evidence in

7

support of a conspiracy. In *Anderson*, the Second Circuit found the district court erred by dismissing a conspiracy claim because the plaintiff did not allege direct evidence of a conspiracy. *Id.* at 183. However, here, the Court did not dismiss the conspiracy claim for failing to present direct evidence of a conspiracy. Instead, the Court assumed plaintiff's allegations of circumstantial evidence to be true and found that this circumstantial evidence was insufficient to plausibly allege an agreement between Sarah Yin and any other defendant. Dismissal Order 9–10. Thus, plaintiff has failed to identify authority which conflicts with the Court's determination that plaintiff's allegations in support of a conspiracy were insufficient to state a claim. Plaintiff also presents no argument as to why this issue would be particularly difficult or of first impression for the Second Circuit.

Plaintiff also states that the Court "overlook[ed]" the relevance of the photograph to his conspiracy claim. Cert. Req. 1. Contrary to plaintiff's description, the Court considered whether the photograph constituted newly discovered evidence warranting reconsideration pursuant to Rule 60(b)(2) and found that it did not. Plaintiff presents no question for which there is substantial ground for difference of opinion as to this finding.

### B. Plaintiff's IIED claim

Plaintiff also argues that the Court failed to consider Sarah Yin's dual role as "landlord and physician" in considering his IIED claim. Cert. Req. 1. In support of his motion for certification of this issue, plaintiff cites *Rich v. Fox News Network, LLC*, 939 F.3d 112 (2d Cir. 2019). In *Rich*, the Second Circuit noted that the inquiry for an IIED claim is not whether each individual alleged act might be outrageous but rather whether the acts, taken together and under the totality of the circumstances, constitute extreme and outrageous conduct. *Id.* at 123. In line with this authority, the Court considered "all of the factual allegations and arguments contained in his complaint and opposition brief"

8

and found that the allegations, considered under the totality of the circumstances, were insufficient to support an IIED claim. Order on Reconsideration 4–5.

Thus, plaintiff has failed to identify authority which conflicts with the standard under which the Court considered plaintiff's complaint. Plaintiff also presents no basis for the Court to conclude that the question presented is particularly difficult or one of first impression for the Second Circuit.

### C. Leave to Amend

Finally, plaintiff argues that the Court's decision to deny leave to amend conflicts with the Second Circuit's articulated leniency towards *pro se* plaintiffs. Cert. Req. 1. As with the other issues presented in plaintiff's certification request, plaintiff does not articulate a substantial ground for disagreement. In the case cited by plaintiff regarding this issue, *Cuoco v. Moritsugu*, the Second Circuit found that the district court did not err in denying the *pro se* plaintiff leave to replead her complaint where repleading would be futile. 222 F.3d 99, 112 (2d Cir. 2000). Here, the Court granted plaintiff several opportunities to replead his complaint. In so doing, the Court recognized the permissive standard for leave to amend. *See* September 12, 2023 Order ("September Order"), ECF No. 12; February 22, 2024 Order ("February Order"), ECF No. 27. In its February Order, the Court warned plaintiff that "[n]o further amendment of plaintiff's complaint shall be allowed without a strong showing of good cause," because "a federal complaint is not a moving target that plaintiff will be allowed to repeatedly amend." *Id.* at 2.

Plaintiff has therefore failed to identify authority which conflicts with the Court's decision not to grant plaintiff leave to amend his complaint for a third time. Plaintiff also presents no basis for the Court to conclude that the question presented is particularly difficult or one of first impression for the Second Circuit.

9

Thus, plaintiff has failed to satisfy the second criteria for certification for interlocutory appeal—substantial ground for difference of opinion—for each basis on which he seeks to appeal.

### III. Materially advance the termination of the litigation

Plaintiff states that an immediate appeal would "advance the litigation by clarifying the scope of the conspiracy claim." Cert. Req. 1. However, plaintiff's conclusory statement does not explain how this would clarify the scope of the conspiracy. Rather, plaintiff seeks an order finding that he plausibly alleged a conspiracy while that is not the case. Nor does he explain how certification would "advance the time for trial" or "shorten the time required for trial." *Coinbase*, 2025 WL 40782, at *12.

Having failed to show how resolution of an interlocutory appeal would materially advance the termination of the litigation, plaintiff has failed to satisfy the third criteria for certification pursuant to 28 U.S.C. § 1292(b).

### CONCLUSION

For the reasons stated above, plaintiff's request fails to meet the criteria for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Accordingly, plaintiff's request for certification is DENIED.

**SO ORDERED.**

                                                  /s/ Natasha C. Merle
                                                 NATASHA C. MERLE
                                                 United States District Judge

Dated:       May 13, 2025
               Brooklyn, New York